[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties in this matter were married in San Diego, California on October 7, 1989. At the time of the marriage, the plaintiff's maiden name was Jean Sablan. The court finds that there has been proper service, and that there is jurisdiction based upon the residence of the parties in the state of Connecticut. The court further finds that there are two children issue of the marriage, to wit: Steven Richard Kucinskas born January 26, 1989 and Kevin Raymond Kucinskas born May 10, 1992. Neither party has received state or municipal assistance during the course of the marriage. The marriage of the parties has broken down irretrievably.
The marriage is hereby dissolved.
The court has considered the Connecticut General Statutes criteria with respect to custody, child support, alimony, and division of property. Pursuant to those considerations and the evidence presented by the parties at trial the court makes the following findings:
The plaintiff Jean Kucinskas is thirty-five years of age. Her health is good. Her education is two years of college, without a degree. She is currently employed as an executive assistant for a company named SourceOne in Farmington, Connecticut. She earns approximately $42,000.00 per annum. Her significant employment history after the birth of her children were a temporary job at Bristol Hospital, followed by employment at Specialty Optics in Avon, then at Golden Consulting. At Golden Consulting she earned $52,000.00 per annum but was laid off. The plaintiff has worked to her earning capacity throughout the course of her marriage.
The defendant is currently thirty-seven years of age, and also in good health. He has completed four years of college. He owned and operated a video store in California which was sold prior to the parties move to the state of Connecticut. Subsequently, he was employed by the United States Postal Service. His earnings went from a base $30,000.00 to as much as CT Page 12474 $42,000.00 per annum, depending on the circumstances. While working at the Post Office, he purchased a business known as "White Glove Cleaning." That business in part was financed from funds borrowed from the defendant's father. Eventually, the defendant left the Postal Service and continued to run the cleaning business on a full time basis. While engaged in the cleaning business he bought his second business which was known as "Michael's Pizza." The pizza business was not successful and led to what the defendant has claimed is a very substantial loss. Assets of the parties totaling the sum of $48,000.00 were liquidated in order to satisfy the debts of that business. Again, the business was purchased at least in part with monies leant to the defendant by his father.
At present, the defendant is a student at an institution called New Horizons which he describes as a computer school. The defendant indicates that his father paid a $13,000.00 tuition, and that his course of study will be of approximately nineteen months duration. He expects to finish his schooling some time in the year 2003. He indicates that he will earn up to $25,000.00 per annum or perhaps as much as $45,000.00 or 50,000.00 per annum if he obtains certain certifications.
Currently, the defendant is paying child support based on a finding by this court (Caruso, J.) on April 24, 2002 that the defendant had an earning capacity of $30,000.00 per annum. That finding is found to be appropriate still and shall apply for the purposes of this judgment.
The marriage of the parties has been marked by emotional and financial difficulties. The finances of the parties have been linked to the defendant's father who has supplied money at different times for the ventures undertaken by the defendant. The most successful venture seems to have been a video store the parties operated in California. Subsequent to that, the cleaning business and the pizza business were not successful. The defendant claims that the cleaning business failed because of his incarceration resulting from restraining orders and subsequent violations related to this case.
The relationship of the parties was complicated by the fact that the plaintiff had an affair during the course of the marriage. Subsequent to the discovery of that affair, there appears to have been some attempts at reconciliation which failed. The defendant's reaction to the affair eventually resulted in bizarre, self destructive and criminal behavior which has had a negative impact upon his relationship with the plaintiff and also his relationship with his children. The defendant's behavior also resulted in his arrest, conviction and incarceration. Both parties share the responsibility for the breakup of their marriage. CT Page 12475
The court enters the following orders:
The issue of custody and access of the minor children is deferred until such time as a family relations study is completed.
The defendant shall pay child support in the amount of $138.00 per week based upon his earning capacity as previously found. That order is entered without prejudice and is to be modified, if appropriate, upon the entering of a custody and access order with regard to the minor children. Child support shall be paid by immediate wage withholding upon the securing of employment. Until that time, the defendant shall make child support payments directly to the plaintiff by check and/or money order.
The plaintiff shall maintain medical insurance for the benefit of the minor children as available through her employment. The parties shall share equally any uninsured, unreimbursed medical or dental expenses for the minor children.
The plaintiff may claim both children for purposes of state and federal tax exemptions.
Neither party shall pay or receive alimony.
The defendant shall quit claim all of his right, title and interest to the marital home located on 200 West Mountain Road, Simsbury, Connecticut. Said home is found to have a value in the amount of $199,000.00. The plaintiff shall make any and all payments for mortgages held by GMAC, and a line of credit held by Sovereign Bank. The outstanding principal balance of those loans is $79,312.00 and $25,256.00 respectively. In addition, she shall be responsible for payment of taxes, insurance and maintenance with respect to said real property. The plaintiff shall give the defendant a note and mortgage in the amount of $30,000.00, without interest, secured by that property. That note and mortgage shall be payable on or before five years from the date of this judgment. The plaintiff may set off from the payment of that sum any unpaid obligation of the defendant' payable to her or for her benefit under the terms of this judgment, including but not limited to child support. The defendant is to hold the plaintiff harmless on the debt due by him to U.S. Foodservice.
The plaintiff shall retain her 401k plan as listed on her financial affidavit.
Each party shall be responsible for the debts listed on their CT Page 12476 respective financial affidavit.
The defendant shall hold the plaintiff harmless for any debt associated with the businesses known as Michael's Pizza and/or White Glove Cleaning. Those debts shall include, but not be limited to debts payable to the defendant's father.
Each party is to pay their respective counsel fees.
BY THE COURT
Antonio C. Robaina, J. CT Page 12477